[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REVISED MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY (#119)
On December 12, 1996, the plaintiff, Saybrook Convalescent Hospital, Inc., filed the instant two count complaint against the defendant, Edward B. Gomeau. The complaint, sounding in breach of contract and unjust enrichment, alleges that the defendant, upon the admission of his mother, Anne Gomeau, to the plaintiff hospital, executed a Resident Admissions Agreement (Agreement) wherein the defendant "agreed to serve as the `Responsible Party' for Anne Gomeau." (Complaint, paragraph 5.) The complaint further CT Page 11506 alleges that the defendant agreed to forward Anne Gomeau's Applied Income to the Hospital but failed to do so.
On June 24, 1998, the plaintiff filed its Revised Motion for Summary Judgment as to Liability (#119) and accompanying Memorandum of Law (#118). On July 24, 1998, the defendant filed his Memorandum of Law in Support of Objection to Plaintiff's Motion for Summary Judgment (#120). Although the defendant has conceded that there are no genuine issues of material fact, this court cannot so conclude. Since the Agreement is susceptible to two different interpretations, its interpretation remains a factual question.
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
"Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms . . . Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Alterations in original; citations omitted; internal quotation marks omitted.) Pesino v. Atlantic Bank of New York,244 Conn. 85, 92, 702 A.2d 540 (1998). "The rules of construction are applied only if the language of the contract is ambiguous, uncertain or susceptible of more than one construction." Levinev. Advest. Inc., 244 Conn. 732, 746, ___ A.2d ___ (1998). "The interpretation of a contract term that is not so clear as to render its interpretation a matter of law is a question of fact . . ." DelBuono v. Brown Boat Works. Inc.,45 Conn. App. 524, 530, 696 A.2d 1271 (1997).
The plaintiff brought this action against Edward B. Gomeau, who did sign the Agreement as the "Responsible Party." Paragraph 10 of the Agreement requires that the Responsible Party pay the CT Page 11507 plaintiff hospital for Anne Gomeau's care and services. Nevertheless, paragraph 11 states that [i]f the resident receives public assistance, resident or designated representative will make payment of monthly Applied Income upon receipt of such income." While paragraph 11 does not specifically obligate the Responsible Party to forward the Applied Income, evidence submitted in support of this motion indicates that the defendant did hold a joint checking account with his mother, into which the Applied Income flowed.
Although paragraph 10 obligates the Responsible Party to pay the plaintiff hospital for care and services rendered to Anne Gomeau, ambiguity arises as a result of paragraph 16, which states "with respect to payment for the cost of care and services rendered by Saybrook Convalescent, Inc. to Anne Gomeau this Agreement is enforceable against Edward Gomeau only if [the Responsible Party], his/her spouse, children, grandchildren, has received assignment or transfer or other disposition of property for less than fair market value . . . from resident, or if Anne Gomeau (resident), or the person acting on his/her behalf fails to return a properly completed [Title XIX] application . . ." Thus, although paragraph 10 obligates the Responsible Party, Edward Gomeau, to pay for Anne Gomeau's care and services, paragraph 16 provides for Edward Gomeau's liability for her care and services "only if" one of two specific events occurs. The plaintiff does not assert that either of these two events ever occurred.
The Agreement is not clear and unambiguous such that its interpretation becomes a question of law. In fact, the Agreement is ambiguous as to Edward Gomeau's liability for payments of any funds to the plaintiff hospital, and is, therefore, "susceptible of more than one construction." Levine v. Advest, Inc., supra,244 Conn. 746. The defendant cannot be both generally liable for payments for Mrs. Gomeau's care and services and liable only if either of the two events specified in paragraph 16 occur. This ambiguity arises as a result of careless drafting of the Agreement.[1]
Accordingly, the court, having found that the ambiguity in the Agreement does give rise to a genuine issue of material fact, the motion for summary judgment is hereby ordered denied.
It is so ordered. CT Page 11508
BY THE COURT:
MULLARKEY, J.